**Vuthisit PRAPAVAT and Jongchit Prapavat, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 79–7604.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 1980.

Decided Nov. 7, 1980.

Rehearing Granted April 1, 1981.

Bernard Cooper, Los Angeles, Cal., for petitioners.

Benjamin R. Civiletti, Philip Wilens, Dept. of Justice, Washington, D. C., for respondent.

Before FARRIS, PREGERSON, and NELSON, Circuit Judges.

PER CURIAM:

Mr. & Mrs. Prapavat petition for review of a decision of the Board of Immigration Appeals (BIA) denying their applications for suspension of deportation. Petitioners argue that the Board abused its discretion in concluding that extreme hardship had not been shown. We agree, and reverse.

The petitioners are natives and citizens of Thailand. Mr. Prapavat entered the United States on a student visa, and Mrs. Prapavat entered as the spouse of a student. The Immigration and Naturalization Service (INS) instituted deportation proceedings against both petitioners on the ground that they had overstayed their visas. At their joint deportation hearing, petitioners conceded deportability and applied for suspension of deportation. The Immigration Judge denied their applications, and the BIA affirmed. The Prapavats petition for review pursuant to 8 U.S.C. § 1105a.

Under 8 U.S.C. 1254(a), the Attorney General has the discretion to suspend the deportation of any alien who satisfies certain statutory prerequisites. The prerequisites vary depending on the underlying basis for deportation. Aliens such as petitioners, who were found deportable for having overstayed their nonimmigrant visas, 8 U.S.C. § 1251(a)(2), are statutorily eligible for suspension of deportation if they show (1) at least seven years continuous presence in the United States immediately preceding the filing date of the application; (2) good moral character during that period; and (3) extreme hardship, resulting from deportation, "to the alien, or to his spouse, parent, or child who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1254(a)(1). The burden is on the alien to demonstrate both statutory eligibility and equities meriting the favorable exercise of discretion. 8 C.F.R. § 242.17(d) (1980); *Villena v. I. N. S.*, 622 F.2d 1352, 1357 (9th Cir. 1980) (en banc).

■ The BIA found the Prapavats statutorily ineligible on the ground that they had failed to establish extreme hardship. The administrative determination of extreme hardship is discretionary, and the standard of review by this court is therefore the narrow "abuse of discretion" test. *Villena,* 622 F.2d at 1357; *Banks v. I. N. S.,* 594 F.2d 760, 762 (9th Cir. 1979); *Davidson v. I. N. S.,* 558 F.2d 1361, 1362–63 (9th Cir. 1977).[1] As we recently observed that discretionary determination "is not bound by any fixed rules; rather, it depends upon the facts and circumstances of a particular case." *Barrera–Leyva v. I. N. S.,* 637 F.2d 640, 643 (9th Cir. 1980). *Accord, Villena,* 622 F.2d at 1357; *Wang,* 622 F.2d at 1347.

■ We further note that § 1254(a)(1) requires "extreme hardship to the alien or to his spouse, parent, or child who is a citizen of the United States or an alien lawfully admitted for permanent residence." The alien need show extreme hardship to only one member of the specified class. The requirement may also be satisfied, however, by showing that the *aggregate* hardship to two or more family members described in § 1254(a)(1), is extreme, even if the hardship suffered by any one of them would be insufficient by itself. *Barrera–Leyva,* at 644; *Wang,* 622 F.2d at 1347 and n.6.

We consider first the hardship to the petitioners' United States citizen daughter, who was about five years old at the time of the Board's decision and is now almost six. The child, born in this country, has spent her entire life here. She is enrolled in school, a factor of significance. *See, e. g., Wang,* 622 F.2d at 1348 n.7; *Jong Shik Choe v. I. N. S.,* 597 F.2d 168, 170 (9th Cir.

1979); *Urbano de Malaluan v. I. N. S.,* 577 F.2d 589, 595 n.5 (9th Cir. 1978). If her parents are deported, this American citizen child will be uprooted from her native country where she has spent her entire life, and taken to a land whose language and culture are foreign to her.

This hardship would be aggravated by the fact that it would be virtually impossible for the petitioners ever to immigrate to the United States from Thailand. *See* Bureau of Consular Affairs, IV *Visa Services* No. 22 at 2 (August 1980) (nonpreference visas no longer available). We stated in *Barrera–Leyva* : "The hardship to the citizen children, who have every right to remain in the United States, seems especially severe given the likelihood that petitioner will never be allowed to immigrate to this country." *See* at 645 and n.7. The same holds true here.

■ Petitioners also allege economic hardship to themselves. Although economic loss does not by itself establish extreme hardship, *Villena,* 622 F.2d at 1358; *Nishikage v. I. N. S.,* 443 F.2d 904 (9th Cir. 1971); *Kasravi v. I. N. S.,* 400 F.2d 675, 676 (9th Cir. 1968), it is a factor to be considered with other factors. *Villena,* 622 F.2d at 1358.[2]

The petitioners own a home in the United States. They also own a $20,000 inventory of tools used by Mr. Prapavat in his business. He testified that deportation would most likely require him to sell his tools at a substantial loss. Both petitioners have jobs in the United States. Mr. Prapavat testified that it is very difficult to obtain employment in Thailand.

■ Considering the foregoing hardships in the aggregate, we hold that the Board

---

1. This case must be distinguished from that in which the alien seeks to reopen the proceedings for the purpose of applying for suspension of deportation. When the court reviews the denial of such a motion to reopen, the test is whether the alien has made a prima facie showing of eligibility for suspension. *Jong Ha Wang v. I. N. S.,* 622 F.2d 1341, 1345–46 (9th Cir. 1980) (en banc), *petition for cert. filed,* 48 U.S.L.W. 3271 (U. S. Sept. 25, 1980) (No. 80–485); *Villena,* 622 F.2d at 1359; *Urbano de*

*Malaluan v. I. N. S.,* 577 F.2d 589, 593 (9th Cir. 1978).

2. In *Villena* the court was reviewing both the denial of an application for suspension of deportation and the denial of a motion to reopen. Its discussion of the effect of economic loss was set forth in the context of the denial of the suspension application. It is therefore applicable here.

abused its discretion by concluding that the facts of this case do not constitute extreme hardship. Emphasizing the need for a case–by–case analysis of the extreme hardship criteria, we intimate no view as to what the result would be under variants of the fact situation presented here. The decision of the Board of Immigration Appeals is reversed, and the case is remanded to the Board for a determination whether: (a) the petitioners have met the other requirements for statutory eligibility; [3] and (b) whether, if they are statutorily eligible, they merit the favorable exercise of discretion.

REVERSED AND REMANDED.

On Rehearing

The petition for rehearing submitted by the Immigration and Naturalization Service is granted. The parties are directed to submit briefs addressing the applicability of INS v. Wang, —— U.S. ——, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981), to the facts of this case. The briefs shall be submitted no later than April 20, 1981. After submission of the briefs, counsel will be notified by the panel as to whether oral argument will be required.

---

**3.** The Board must determine whether the petitioners have satisfied the continuous physical presence and good moral character requirements of the suspension statute. *See* 8 U.S.C. § 1254(a)(1).