**Vuthisit PRAPAVAT and Jongchit Prapavat, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 79–7604.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 1981.

Decided Nov. 5, 1981.

Rehearing and Rehearing En Banc Denied March 10, 1982.

Bernard Cooper, Los Angeles, Cal., for petitioners.

Benjamin R. Civiletti, Philip Wilens, Dept. of Justice, Washington, D. C., for respondent.

Before FARRIS, PREGERSON, and NELSON, Circuit Judges.

PER CURIAM:

This case is before the court on a petition for rehearing which we granted on April 1, 1981. In granting the petition, we asked counsel to submit briefs addressing the applicability of *INS v. Wang,* 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam), to the instant case. After considering those briefs, we have concluded that the decision of the Board of Immigration Appeals ["the Board"], which denied the Prapavats' applications for suspension of deportation, should be reversed.

The facts giving rise to the Prapavats' petition for review were set out in our previous opinion, *Prapavat v. INS,* 638 F.2d 87 (9th Cir. 1980), and need not be repeated here. We held that the Board had abused its discretion by concluding that the facts adduced by the Prapavats did not constitute extreme hardship, and remanded solely for determination of the other prerequisites on which 8 U.S.C. § 1254(a)(1) conditions eligibility for suspension of deportation.

In *Wang,* however, the Supreme Court emphasized the broad discretion that the immigration authorities enjoy in interpreting "extreme hardship," 101 S.Ct. at 1031, and "the limited nature of our function" in reviewing their interpretation. *Phinpathya v. INS,* 657 F.2d 1083, 1086 (9th Cir. 1981). We therefore "do not question [the Board's] finding on the basis of our own view of what constitutes extreme hardship." *Id.* Nevertheless, we cannot affirm the Board's decision, because we believe the Board did not properly consider all the factors relevant to the "extreme hardship" determination.

Aside from a conclusory statement that it could not "find a sufficient number of adverse factors to conclude that deportation will result in the degree of hardship" properly labelled "extreme," the Board made only two specific pronouncements on the points raised by the Prapavats. First, it dismissed their allegations of financial hardship by arguing that the high living

standard in the United States ensured that "most deported aliens will likely suffer some degree of financial hardship" and that Congress did not intend to suspend the deportation of all such aliens. Second, it observed that "the possibility of inconvenience to a citizen child is not in itself sufficient to constitute extreme hardship."

These laconic statements do not discharge the Board's duty, when it denies suspension of deportation, to "give reasons which show that it has properly considered the facts which bear on its decision." *Mejia-Carrillo v. INS,* 656 F.2d 520, 522 (9th Cir. 1981). For example, the cursory reference to the citizen child's possible "inconvenience" does not tell us what weight the Board gave to the evidence that the medical problems of the Prapavats' daughter could worsen in the Thai climate—nor even whether it considered that evidence at all. Similarly, the Board's summary treatment of the financial hardship claim gave no individualized consideration to the particulars of the Prapavats' situation. Instead, the Board tacitly invoked a floodgates argument by simply assuming that "most deported aliens" would experience the same degree of hardship as the Prapavats. This approach ignores the rule that each hardship case "must be decided on its own facts." *Banks v. INS,* 594 F.2d 760, 762 (9th Cir. 1979).

There is a second respect in which the Board has failed to "properly conside[r] the facts which bear on its decision." This court has reiterated that the adverse consequences of deportation are to be considered *cumulatively* in determining whether "extreme hardship" exists. *Villena v. INS,* 622 F.2d 1352, 1357, 1359 (9th Cir. 1980); *Jong Shik Choe v. INS,* 597 F.2d 168, 170 (9th Cir. 1979). Yet in denying the Prapavats' applications, the Board evidently weighed each relevant factor in *isolation,* observing that hardship to a citizen child "is not in itself sufficient" and that financial loss "in the absence of substantial additional equities" is unpersuasive.* This approach is

---

* The instant case differs from *Hee Yung Ahn v. INS,* 651 F.2d 1285 (9th Cir. 1981), where the panel rejected the argument that the Board had

considered each relevant factor in isolation. There the court found that "[t]he opinion read as a whole ... makes clear that the Board

incorrect.  The existence of a citizen child, deportation to an underdeveloped country that offers minimal opportunities for suitable employment, the child's lack of knowledge of that country's language, her health problems, and the economic loss from the forced liquidation of the Prapavats' assets must all be assessed in combination.

The Board's disposition of this case does not exhibit a proper consideration of the relevant factors.  Failure to properly consider those factors is an abuse of discretion. *Phinpathya v. INS*, 657 F.2d at 1086 (9th Cir. 1981).  Accordingly, we must reverse the Board's order as to both petitioners and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

found little substance to any of [petitioners'] arguments, considered separately or together." *Id.* at 1287.  Here, by contrast, there is no evidence that the Board ever considered the Prapavats' arguments together.