986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Adela Moreno DE GUERRERO, Amelia Guerrero-Moreno, Juan
Guerrero-Arenas, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9537.
 United States Court of Appeals, Tenth Circuit.
 March 5, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioners Juan Guerrero-Arenas, Adela Moreno De Guerrero, and Amelia Guerrero-Moreno seek review of an order of the Board of Immigration Appeals (BIA) denying their application for a suspension of deportation and their motion for remand. Because we find that the BIA did not abuse its discretion, we affirm.
 
 
 3
 Petitioners are a father, mother, and daughter, citizens of Mexico. Each was charged with entering the United States in 1982 without inspection. After being found deportable, petitioners applied for a suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1), claiming that deportation would cause them "extreme hardship."
 
 
 4
 After a hearing, the immigration judge found that petitioners failed to show extreme hardship, but granted them the privilege of voluntary departure. During the hearing, the following exchange took place regarding the father's potential for immigration through his employment:
 
 
 5
 [Petitioner's Attorney]: How long have you been with that Company?
 
 
 6
 [Petitioner]: Five years.
 
 
 7
 [Attorney]: Has your boss started any paperwork to help you immigrate to the United States through that job?
 
 
 8
 [Petitioner]: Yes.
 
 
 9
 [Court]: Mr. Davis, I don't mean to interrupt you, but I don't think it's relevant. I understand that you're probably filing for labor cert. (phonetic sp.), but I'd rather go onto the issues.
 
 
 10
 [Attorney]: Right, but his eligibility for the labor cert. immigrating to the United States is important to his hardship factors.
 
 
 11
 [Court]: It wouldn't be important for [a] suspension factor. If you would relate to me how it would be important and I'll listen to it?
 
 
 12
 [Attorney]: Well, the fact that he has a job offer and ability to eventually immigrate to the United States, and if he has to leave the country before that time, it may cost him his job and the ability to stay in the country, permanently.
 
 
 13
 [Court]: It wouldn't be any greater. Okay, go ahead?
 
 
 14
 R. I at 55-56. Petitioners appealed to the BIA, claiming that the immigration judge's failure to consider the father's potential for legal immigration was error, and requesting that the case be remanded for consideration of this factor. The BIA affirmed the immigration judge's decision, finding that the petitioners did not establish "extreme hardship." Treating petitioners' motion for remand as a motion to reopen, the BIA denied the motion because consideration of the father's potential for immigration would not change the outcome of the case. This petition for review followed.
 
 
 15
 In 8 U.S.C. § 1254(a)(1), the Attorney General is authorized to suspend deportation of an alien who (1) has been physically present in the United States for not less than seven years; (2) is a person of good moral character; and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or a child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." The party applying for suspension of deportation "has the burden of proving both statutory eligibility for relief and the equities for a favorable exercise of discretion." Rivera-Zurita v. INS, 946 F.2d 118, 120 (10th Cir.1991).
 
 
 16
 Here, the question is whether the "extreme hardship" prong was satisfied. Petitioners argue that the immigration judge erred in failing to consider the father's potential for legal immigration. The BIA and the courts have identified a number of factors to be considered in determining extreme hardship, including:
 
 
 17
 the alien's age; his family ties in the United States; his health condition; the economic and political condition of the country to which the alien is returnable; the alien's financial status, that is, his business and occupation; the possibility of other means of status adjustment; and, finally, the alien's immigration history.
 
 
 18
 Hernandez-Cordero v. United States INS, 783 F.2d 1266, 1268 (5th Cir.1986), rev'd on other grounds on reh'g, 819 F.2d 558 (1987); see also Hernandez-Patino v. INS, 831 F.2d 750, 754 (7th Cir.1987); In re Anderson, 16 I & N Dec. 596, 597 (BIA 1978). Because the possibility of adjusting the father's status through other means was a relevant factor, it should have been considered by the immigration judge.
 
 
 19
 The immigration judge's failure to consider this factor, however, does not require that this case be reversed. The BIA has the power to conduct a de novo review of the record, to consider new evidence, to make its own findings, and to assess independently the legal sufficiency of the evidence. Hazzard v. INS, 951 F.2d 435, 440 and n. 4 (1st Cir.1991); Elnager v. United States INS, 930 F.2d 784, 787 (9th Cir.1991). If the BIA applies the correct legal standard and considers all relevant factors, the immigration judge's failure to do so may be rendered harmless. Elnager, 930 F.2d at 787; Kubon v. INS, 913 F.2d 386, 387 (7th Cir.1990). Here, the BIA fully considered the father's potential for legal immigration. Therefore, the immigration judge's failure to consider this factor is without effect.
 
 
 20
 In reviewing the BIA's balancing of the equities, we will uphold its decision to deny relief " 'unless it was made without a rational[ ] explanation, inexplicably departed from established policies, or rested on an impermissible basis.' " Nunez-Pena v. INS, 956 F.2d 223, 226 (10th Cir.1992) (quoting Joseph v. INS, 909 F.2d 605, 607 (1st Cir.1990) (quoting McLean v. INS, 901 F.2d 204, 205 (1st Cir.1990))). Although we may find an abuse of discretion if the BIA utterly fails or refuses to consider relevant hardship factors, "we lack the authority to determine the weight, if any, to be afforded each factor." Osuchukwu v. INS, 744 F.2d 1136, 1141 (5th Cir.1984). We have noted previously that, with respect to requests for discretionary relief from deportation, "Congress has entrusted to the Attorney General, not the courts, the responsibility for weighing the favorable and unfavorable factors." Nunez-Pena, 956 F.2d at 226.
 
 
 21
 Here, petitioners argue that the BIA abused its discretion in deciding that the father's potential for immigration weighed against a finding of extreme hardship. Because this determination is consistent with the BIA's long established view that an alternative means of adjusting an alien's status undercuts a claim of extreme hardship, we find no abuse of discretion.
 
 
 22
 In 1952, Congress authorized the Attorney General or his delegate to suspend deportation upon a showing of "exceptional and extremely unusual hardship." 8 U.S.C. § 1254(1)(a) (1952). The BIA then decided a series of cases in which it identified factors relevant to the hardship determination, including the availability of an alternative means of adjusting the alien's status. In In re P, 5 I & N Dec. 421, 423 (BIA 1953), the BIA expressly considered the effect of this factor, stating:
 
 
 23
 In the group of cases now before us which have required interpretation of the meaning of [exceptional and extremely unusual hardship], we have not found the necessary hardship to exist in cases where the applicant was not nonquota or came from a country with an open quota, unless he is almost indigent, or is unable to travel, or for some reason would be unable to secure a visa.
 
 
 24
 See also In re H, 5 I & N Dec. 416, 418 (BIA 1953) (alien who would be unable to return to the United States if required to leave demonstrated necessary hardship); In re M, 5 I & N Dec. 448, 450 (BIA 1953) (same); In re Z, 5 I & N Dec. 419, 420 (BIA 1953) (alien from country with small, oversubscribed quota, who would not be able to obtain a visa within a considerable period of time, demonstrated hardship); see also Prapavat v. INS, 638 F.2d 87, 89 (9th Cir.1980) (when nonpreference visas no longer available, impossibility of immigration was an aggravating factor in hardship determination), aff'd on rehearing, 662 F.2d 561 (1981); cf. Bowes v. District Director of the United States INS, 443 F.2d 30, 31 (9th Cir.1971) (pending petition for a sixth preference immigration status does not entitle alien to a delay in deportation); Bueno v. INS, 578 F.Supp. 22, 26 (N.D.Ill.1983) (pending application for immigration status does not entitle alien to suspension of deportation).
 
 
 25
 Because the BIA's disposition of petitioners' request for discretionary relief did not lack a rational basis, it must be upheld. For the same reason, the BIA's decision not to reopen petitioners' case was within its broad discretion and will not be disturbed. See Becerra-Jiminez v. INS, 829 F.2d 996, 1002 (10th Cir.1987).
 
 
 26
 The petition for review is DENIED, and the decision of the BIA is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3