13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ehsan NIKPOOR-GHANAVATI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9523.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Ehsan Nikpoor-Ghanavati petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ's) denial of his request for suspension of deportation. The issues are whether substantial evidence supports the finding that Mr. Nikpoor-Ghanavati lacked good moral character in the seven-year period preceding his application for suspension of deportation, and whether the Board abused its discretion in concluding that deportation would not cause extreme hardship. Our jurisdiction arises under 8 U.S.C. 1105a, and we affirm.
 
 
 4
 Mr. Nikpoor-Ghanavati, a citizen of Iran, entered the United States in January 1978 on a student visa. He graduated from school in 1981, although he is still working on his master's degree. He began employment with Hardee's Restaurant in 1981 without permission, and continues to be employed there.
 
 
 5
 In May 1983, he married Linda Early. She filed a visa petition on his behalf in February 1984. The couple did not appear at two scheduled interviews with the Immigration and Naturalization Service (Service), and action on the petition was terminated in April 1985. They divorced in August 1985.
 
 
 6
 Mr. Nikpoor-Ghanavati married his current wife, Sheryl, in September 1987, and they have two young sons. She filed a visa petition on his behalf. The Service denied the petition based on allegations that his prior marriage was entered into for the purpose of obtaining immigration benefits. It charged Mr. Nikpoor-Ghanavati with deportability as an overstay and as an alien engaged in unauthorized employment.
 
 
 7
 Mr. Nikpoor-Ghanavati conceded deportability and sought suspension of deportation or voluntary departure. Deportation of an otherwise deportable alien may be suspended if he 1) has been physically present in the United States for at least seven years immediately preceding the date of the application for suspension, 2) has been a person of good moral character during that period, and 3) his deportation would result in extreme hardship to the alien, or to his United States citizen spouse, parent, or child. 8 U.S.C. 1254(a)(1).
 
 
 8
 The IJ found that Mr. Nikpoor-Ghanavati had been physically present in the United States for seven years immediately preceding his application. However, he had not been a person of good moral character during those years because he entered into marriage with Ms. Early in 1983 to obtain immigration benefits. Nevertheless, he had shown good moral character for the past five years and thus was eligible for voluntary departure. Finally, the IJ concluded that Mr. Nikpoor-Ghanavati had not shown deportation would cause an extreme hardship to himself, his wife, or children. The Board agreed and dismissed the appeal.
 
 
 9
 Mr. Nikpoor-Ghanavati challenges the finding underlying the
 
 
 10
 determination that he lacked good moral character: that his
 
 
 11
 first marriage was fraudulent. Whether the petitioner has
 
 
 12
 been a person of good moral character is a factual question
 
 
 13
 reviewed for substantial evidence. Turri v. INS, 997 F.2d
 
 
 14
 1306, 1308 (10th Cir.1993). Ms. Early's testimony that she
 
 
 15
 married Mr. Nikpoor-Ghanavati to save him from being sent
 
 
 16
 back to Iran and that they never lived together or
 
 
 17
 consummated the marriage provides substantial evidence for
 
 
 18
 the finding that the marriage was fraudulent.
 
 
 19
 Mr. Nikpoor-Ghanavati contends it was error for the Board to apply 8 U.S.C. 1101(f)(6), which provides that no person shall be regarded as having good moral character if he "has given false testimony for the purpose of obtaining any benefits under this chapter." We agree that this section does not apply because Mr. Nikpoor-Ghanavati never made an oral statement under oath for the purpose of obtaining benefits. See Kungys v. United States, 485 U.S. 759, 780 (1988).
 
 
 20
 The IJ referred to this section in his decision, which the Board upheld. However, the IJ also relied on 1101(f), which provides, "[t]he fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." The Board cited this section after stating that it agreed with the IJ. Thus, we conclude the Board relied on 1101(f), not 1101(f)(6), in reaching its decision.
 
 
 21
 Relying on Torres-Guzman v. INS, 804 F.2d 531, 533 (9th Cir.1986), Mr. Nikpoor-Ghanavati contends that, absent a specific statutory disqualification, the Board must consider his entire pattern of behavior before finding that he lacks good moral character. In Torres-Guzman, the court reversed because the Board found a lack of good moral character by focusing exclusively on petitioners' attempt to gain passports fraudulently without mentioning or evaluating their school records, family backgrounds, employment history, financial status, and lack of criminal record. Id. Here, in contrast, the IJ stated that he weighed the fraudulent marriage against the positive factors on Mr. Nikpoor-Ghanavati's behalf. The Board agreed with the IJ's determination. We find no error.
 
 
 22
 Mr. Nikpoor-Ghanavati next contends that because the IJ and Board found he had good moral character for five years immediately preceding his June 1989 application for voluntary departure (or by June 1984), he must have established seven years of good moral character by June 1991, which was almost two years before the Board's decision. The problem with this argument is that 8 U.S.C. 1254(a)(1) requires a showing of good moral character for the seven-year period immediately preceding the date of the application for suspension of deportation. Mr. Nikpoor-Ghanavati would have had to show good moral character since 1982 as his application was filed in 1989. However, the IJ found the fraudulent marriage occurred in 1983, within the seven-year period.
 
 
 23
 Mr. Nikpoor-Ghanavati argues that the findings as to the length of his good moral character are inconsistent. He points out that he was found to have good moral character as of June 1984, which is six months after Ms. Early filed the visa petition. However, the petition was not denied until April 1985, ten months after the IJ found he had reestablished good moral character.
 
 
 24
 The IJ found the "adverse factor" that warranted a finding of lack of good moral character occurred in 1983. This is when Mr. Nikpoor-Ghanavati married Ms. Early, not when she filed the visa petition or when it was pending. Because the "adverse factor" occurred in 1983, by 1989 Mr. Nikpoor-Ghanavati could have established five years of good moral character, but not seven. We therefore see no inconsistency in the findings regarding the length of his good moral character.
 
 
 25
 Although our conclusion regarding the good moral character issue disposes of this appeal, we address the question of extreme hardship as an independent basis for affirming the Board's decision. Mr. Nikpoor-Ghanavati contends the Board failed to consider factors relevant to his claim of extreme hardship. The Board must articulate the reasons for its decision in a manner that allows us to determine whether it actually considered all evidence relevant to a claim of extreme hardship. Turri, 997 F.2d at 1311. Here, the Board extensively recited evidence of the Nikpoor-Ghanavatis' concerns about problems they will encounter if Mr. Nikpoor-Ghanavati is deported, including lack of freedom and treatment of Americans in Iran, but concluded their concerns did not rise to the level of extreme hardship. The Board has adequately demonstrated that it actually considered all relevant evidence.
 
 
 26
 Finally, Mr. Nikpoor-Ghanavati challenges the Board's determination that deportation would not result in extreme hardship. He points to the evidence he presented of his son's medical problems, economic loss, language barriers, and cultural adjustment as similar to factors relied on by the court in Prapavat v. INS, 638 F.2d 87 (9th Cir.1980), on reh'g, 662 F.2d 561 (9th Cir.1981), to find extreme hardship. However, Prapavat turned on the Board's failure to consider all relevant factors and to consider them cumulatively rather than in isolation. 662 F.2d at 562-63. It did not set forth a blanket rule that certain factors always warrant a finding of extreme hardship. In any event, it is a Ninth Circuit opinion, and we are not bound by it.
 
 
 27
 The Board considered the evidence presented by Mr. Nikpoor-Ghanavati, but it also considered that Mr. Nikpoor-Ghanavati is young and well-educated and could find employment in Iran, his family in Iran could assist him, his son's medical condition is no longer an issue,[2] and his children will be able to adjust to living in Iran because of their youth. It concluded that these factors weighed against a finding of extreme hardship. The Board may construe the extreme hardship test narrowly. INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981). Our standard of review is abuse of discretion, but review is limited. As long as the Board considers all relevant factors, we cannot second-guess the weight to be given any factor. Turri, 997 F.2d at 1308. We find no basis for upsetting its decision.
 
 
 28
 The petition for review is GRANTED. The decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 A November 17, 1989, letter from his son's doctor states that the son needed surgery within the next two years. Thus, the Board had an evidentiary basis for concluding that the time for the surgery had passed before the appeal was decided on March 3, 1993, notwithstanding Mrs. Nikpoor-Ghanavati's evidence that the surgery could be performed later