51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julio Cesar CARROLL-SANCHEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70314.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julio Cesar Carroll-Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") denial of his request for suspension of deportation pursuant to section 244(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1254(a)(1). The issue before this court is whether the IJ abused his discretion by denying Carroll-Sanchez's application for suspension of deportation based on Carroll-Sanchez's failure to establish extreme hardship to himself or to his lawful permanent resident mother. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 INA Section 244(a)(1) provides that the Attorney General in her discretion may suspend deportation and adjust the status of an otherwise deportable alien who (1) has been physically present in the United States for at least seven years, (2) is a person of good moral character, and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. Sec. 1254(a)(1). Section 244 also commits the definition of extreme hardship to the BIA, and thus the BIA may construe extreme hardship narrowly. INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981); Bu Roe, 771 F.2d at 1333. The alien bears the burden of demonstrating both statutory eligibility and that he merits a favorable exercise of discretion. Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985). In determining whether extreme hardship exists, the BIA must consider the adverse consequences of deportation cumulatively. Prapavat v. INS, 662 F.2d 561, 562 (9th Cir.1981).
 
 
 4
 "Extreme hardship will not be found absent a showing of significant actual or potential injury." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991) (considering circumstances of an alien convicted of fraud and theft undergoing exclusion proceedings). "Although economic detriment, without more, does not amount to extreme hardship, the personal hardships that flow from the economic detriment may be a relevant factor for the BIA to consider in determining extreme hardship." Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983). However, "the common results of deportation or exclusion are insufficient to prove extreme hardship." Hassan, 927 F.2d at 468.
 
 
 5
 We review the BIA's determinations regarding extreme hardship under an abuse of discretion standard. Cerrillo-Perez v. INS, 809 F.2d 1419, 1421 (9th Cir.1987). The BIA's "[f]ailure to consider all of the factors which bear on extreme hardship is an abuse of the [BIA's] discretion." Mejia-Carrillo v. INS, 656 F.2d 520, 522 (9th Cir.1981). Where the BIA fails to conduct an independent review of the record, we determine whether the IJ rather than the BIA abused its discretion. Yepes-Prado v. INS, 10 F.3d 1363, 1366-67 (9th Cir.1993).
 
 
 6
 Carroll-Sanchez contends that the IJ failed to consider all the relevant factors relating to the extreme hardship to himself and to his mother, and that the IJ failed to consider the factors cumulatively. These contentions lack merit.
 
 
 7
 First Carroll-Sanchez claims that the IJ failed to address the testimony of Dr. Weinstein, a clinical psychologist, regarding the emotional hardship to Carroll-Sanchez's mother if he is deported. The IJ's opinion, however, directly addresses this issue. The IJ noted that it was Dr. Weinstein's strong opinion that if Carroll-Sanchez was deported, his mother would experience serious emotional and psychological difficulties. The IJ concluded, however, that although Carroll-Sanchez's mother depends on Carroll-Sanchez for emotional and financial support, she has an independent source of income and is employable. The IJ also noted that Carroll-Sanchez and his mother were separated from 1985 to 1990 and that there was no evidence of adverse consequences resulting from that separation. Although the separation occurred before the death of Carroll-Sanchez's step-father, it was relevant to the IJ's inquiry regarding the degree of hardship to Carroll-Sanchez's mother.
 
 
 8
 Carroll-Sanchez next contends that the IJ failed to consider the cumulative effect of the hardships deportation would have on his family, including his seventeen year old United States citizen sister. We see nothing in the record which suggests that the IJ did not consider the hardships to Carroll-Sanchez's family cumulatively. The judge states, "considering the totality of the circumstances, it has been determined that the respondent has not established, as required by the statute, that his deportation would result in extreme hardship, either to himself, to his mother or to his extended family." We are satisfied that the judge considered cumulatively all relevant factors in the record. See Prapavat, 662 F.2d at 562.
 
 
 9
 We conclude that the IJ did not abuse its discretion by denying Carroll-Sanchez's application for suspension of deportation based on his failure to establish extreme hardship. See Cerrillo-Perez, 809 F.2d at 1421. The IJ considered all relevant factors relating to extreme hardship to Carroll-Sanchez and his mother and set forth adequate reasons in support of the discretionary denial of suspension of deportation. See id.[1]
 
 PETITION FOR REVIEW DENIED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, petitioner's request for oral argument os denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Carroll-Sanchez's contention that the IJ applied the incorrect legal standard in denying his application for suspension of deportation. The record does not support this contention. See Hassen, 927 F.2d at 468 ("the common results of deportation or exclusion are insufficient to prove extreme hardship") (emphasis added)
 
 
 [2]
 The BIA's grant of thirty days for voluntary departure will begin to run on the date of the issuance of our mandate in this case. See Contreras-Aragon v. INS, 852 F.2d 1088, 1097 (9th Cir.1988 (en banc) (where the court of appeals affirms the BIA's deportation order, the period for voluntary departure by the BIA does not begin to run until the issuance of the appellate mandate)