89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco Javier NOGUERA-CASTRO; Dora Maria Noguera, aka
Dora Maria Tercero-Lopez; Brian Francisco
Noguera-Castro; Daryl Eduardo
Noguera-Castro, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70263.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Noguera-Castro, a native and citizen of Nicaragua, together with his wife and two sons, natives and citizens of Honduras ("Petitioners"), petition for review of the Board of Immigration Appeals' ("BIA") summary dismissal of their appeal of the immigration judge's ("IJ") order denying their applications for asylum and withholding of deportation. Francisco Noguera-Castro ("Noguera-Castro") also appeals the BIA's order sustaining the Immigration and Naturalization Services's ("INS") appeal and reversing the IJ's order granting his application for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 * Summary Dismissal
 
 
 4
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i)(A), the BIA summarily dismissed the Petitioners' appeal of the IJ's order denying their applications for asylum and withholding of deportation. Our review of a summary dismissal does not reach the merits of the underlying claims. Escobar-Ramos v. INS, 927 F.2d 482, 486 (9th Cir.1991). On appeal, Petitioners do not challenge the BIA's summary dismissal, and we therefore hold that they have waived this claim. See, e.g., Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988) ("It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned."). Accordingly, we need not reach either the merits of the BIA's summary dismissal or the merits of the underlying asylum and withholding of deportation claims.
 
 II
 Suspension of Deportation
 
 5
 Noguera-Castro also appeals the BIA's order reversing the IJ's decision granting him suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1). The BIA held that Noguera-Castro was ineligible for suspension of deportation because he failed to establish extreme hardship within the meaning of the statute.
 
 
 6
 We review determinations of "extreme hardship" for an abuse of discretion. Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991). Suspension of deportation based on a finding of extreme hardship is an exceptional remedy and the BIA has the authority to construe extreme hardship narrowly. INS v. Jong Ha Wong, 450 U.S. 139, 145 (1981).
 
 
 7
 The BIA did not abuse its discretion by finding that Noguera-Castro did not meet his burden of showing extreme economic hardship were he deported to Nicaragua. Although probable inability to find work after deportation or the personal hardships that flow from economic loss may constitute extreme hardship, Santana-Figueroa v. INS, 644 F.2d 1354, 1356-57 (9th Cir.1981) (hardship where unskilled, previously injured, 70-year old would be unemployable); see Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995), mere "economic detriment, without more, does not amount to extreme personal hardship," Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). Noguera-Castro does not assert that it would be impossible for him to find work in Nicaragua. The BIA noted that Noguera-Castro is relatively young, in apparent good health, and will take with him to Nicaragua the occupational and educational experience as well as the assets he has accumulated in this country. The BIA did not abuse its discretion by finding that given Noguera-Castro's job skills and assets, he will be able to "adjust to the living conditions in Nicaragua." See id.
 
 
 8
 Noguera-Castro contends that the BIA failed to consider the cumulative effect of the hardships of deportation. We see nothing in the record which suggests that the BIA did not consider the hardships cumulatively. The BIA stated that "the hardship described by [Noguera-Castro], even considering the relevant factors in the aggregate," was not the kind of hardship contemplated by Congress. We are satisfied that the BIA considered cumulatively all relevant factors in the record. See Prapavat v. INS, 662 F.2d 561, 562 (9th Cir.1981).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The parties' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3