114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Estanislao Sangco MAPOY, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70229.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1997.
Decided May 20, 1997.
 
 Before: HUG, Chief Judge, GOODWIN and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Estanislao Sangco Mapoy seeks review of a final order of deportation issued by the Board of Immigration Appeals (BIA), denying his application for suspension of deportation for failure to demonstrate extreme hardship.
 
 
 3
 We review for abuse of discretion the BIA's decision to deny suspension of deportation for lack of extreme hardship. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Because we cannot conclude that the BIA's exercise of its discretion in this case was "arbitrary, irrational, or contrary to law," see Kashefi-Zihagh v. INS; 791 F.2d 708, 709 (9th Cir.1986), we deny the petition.
 
 
 4
 Suspension of deportation is an "exceptional" remedy and the BIA has authority to "construe extreme hardship narrowly." INS v. Wang, 450 U.S. 139, 145 (1981). We may not substitute our view of what constitutes extreme hardship for that of the Board. See id. at 144-45.
 
 
 5
 The BIA's opinion in this case reflects a detailed and thorough review of Mapoy's claim. The Board discussed the economic hardship Mapoy would face if deported to the Philippines, including the emotional distress he would experience if he is forced to become a financial burden on his parents. The BIA weighed Mapoy's community and family ties in the United States, discussed his volunteer and church activities, and noted that it had reviewed the letters from Mapoy's friends and family submitted in support of his claim. The BIA also considered the difficulties Mapoy might face in adjusting to life in the Philippines after ten years in the United States. While the Board did not discuss our opinion in Tukhowinich explicitly, it weighed Mapoy's claim that he feels obligated to support his parents in their old age and will therefore experience emotional distress at being unable to continue his financial contributions.
 
 
 6
 The BIA's detailed and lengthy analysis of each factor in Mapoy's hardship balance, coupled with its discussion of cumulative weighing, persuade us that it satisfied its obligation to consider these hardships to Mapoy as a whole. See Prapavat v. INS, 662 F.2d 561, 562 (9th Cir.1981). The Board's denial of Mapoy's application was thus not an abuse of its discretion.
 
 
 7
 Mapoy alternatively requests that we remand his petition so that he may present live oral testimony in support of his claim. In consultation with his attorney, Mapoy made the strategic choice to submit his twelve-page affidavit in lieu of oral testimony. Mapoy did not object to this decision either before the immigration judge or before the Board and fails to provide any reason why he should not be bound by that choice now. We therefore deny the request.
 
 
 8
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3