**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SERGIO NAVA-HERNANDEZ,

Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

Respondent.

No. 19-9546
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McHUGH**, and **MORITZ,** Circuit Judges.

After the United States Department of Homeland Security ("DHS") initiated

removal proceedings against him, Sergio Nava-Hernandez requested cancellation of

removal under 8 U.S.C. § 1229b(b)(1). An immigration judge denied Mr. Nava-

Hernandez's request because he failed to establish that removal would result in

exceptional and extremely unusual hardship to his U.S. citizen daughter, and the Board of

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and 10th Circuit Rule 32.1.

Immigration Appeals ("BIA") affirmed. Mr. Nava-Hernandez now petitions for review of the BIA's decision. Because we do not have jurisdiction over the arguments raised in the petition, we dismiss.

## I. BACKGROUND

On November 3, 2008, DHS issued Mr. Nava-Hernandez a Notice to Appear ("NTA") before an immigration judge in Denver, Colorado, to adjudicate his removal from the United States. In the NTA, DHS alleged that Mr. Nava-Hernandez is a citizen of Mexico who entered the United States without inspection in 1996. The NTA described the "date" of Mr. Nava-Hernandez's hearing as "a date to be set" and the "time" as "a time to be set." AR 677.

Three days later, the Denver immigration court mailed Mr. Nava-Hernandez a notice explaining that his case had been scheduled for a hearing on January 20, 2009, at 1:00 P.M. Over the subsequent decade, the immigration court mailed Mr. Nava-Hernandez many similar notices, each of which specified a time and date for the relevant proceeding. Finally, on January 31, 2018, the immigration court held a merits hearing to adjudicate Mr. Nava-Hernandez's removal.

Mr. Nava-Hernandez conceded the charge in the NTA and moved for cancellation of removal under 8 U.S.C. § 1229b(b)(1).[1] Specifically, he argued that removal would

---

[1] Section 1229b(b)(1) provides that:

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—

result in exceptional and extremely unusual hardship to his seventeen-year old daughter. Mr. Nava-Hernandez presented evidence—based on visits with therapists in 2011 and 2016—that his daughter suffers from depression or an anxiety disorder as a result of her father's long-pending removal from the United States. He also presented evidence that she suffers from chronic asthma. Mr. Nava-Hernandez further argued that he would not be able to support his family from Mexico.

The immigration judge found Mr. Nava-Hernandez credible and a person of good moral character, but nevertheless denied his application for cancellation of removal because Mr. Nava-Hernandez failed to establish that his daughter would suffer exceptional and extremely unusual hardship. In a written decision, the immigration judge defined "exceptional and extremely unusual hardship" as "hardship that is substantially different from or beyond that which would ordinarily be expected to result from the alien's deportation." AR 54. The immigration judge then identified three factual reasons why Mr. Nava-Hernandez fell short of meeting that standard: First, Mr. Nava-Hernandez's daughter "would not accompany him if he returns to Mexico." AR 56. Second, Mr. Nava-Hernandez did not present sufficient evidence "that his daughter's physical health, specifically her asthma, would be exacerbated if he were removed from

---

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

3

the United States." AR 56. Third, Mr. Nava-Hernandez "is healthy and able to work." AR 57.

Mr. Nava-Hernandez appealed to the BIA. In his merits brief before the BIA, Mr. Nava-Hernandez argued the immigration judge had abused his discretion in undervaluing the hardship that removal would impose on Mr. Nava-Hernandez's daughter.

On June 18, 2019, the BIA, acting through a single judge, dismissed the appeal. The BIA summarized the immigration judge's discussion of exceptional and extremely unusual hardship and concluded the immigration judge "properly denied [Mr. Nava-Hernandez's] application for cancellation of removal." AR 5.

On July 11, 2019, Mr. Nava-Hernandez petitioned this court for review of the BIA's decision.

## II.  ANALYSIS

Congress has carefully circumscribed this court's jurisdiction to review the BIA's decisions. Two of those limitations are relevant to this case. First, 8 U.S.C. § 1252(d) provides that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." We have "applied this statutory exhaustion requirement to conclude that [t]he failure to raise an issue on appeal to the [BIA] constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter." *Robles-Garcia v. Barr*, 944 F.3d 1280, 1283 (10th Cir. 2019) (alterations in original) (emphasis omitted) (internal quotation marks omitted).

Second, 8 U.S.C. § 1252(a)(2)(B) provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." We have interpreted "this subsection as referring to the discretionary aspects of a decision concerning cancellation of removal." *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009). "This includes any underlying factual determinations, as well as the determination of whether the petitioner's removal from the United States 'would result in exceptional and extremely unusual hardship' to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D)." *Id.* (citation omitted). "We do, however, have jurisdiction to review 'constitutional claims' and 'questions of law.'" *Id.* (quoting 8 U.S.C. § 1252(a)(2)(D)).

Mr. Nava-Hernandez's primary argument on appeal is that the BIA lacked jurisdiction to order his removal because the NTA did not specify a time or date. We do not have jurisdiction to consider this argument because Mr. Nava-Hernandez did not raise it before the BIA.

Mr. Nava-Hernandez responds that it would have been futile to make this argument to the BIA because it rejected the same argument in *In re Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018). This argument is foreclosed by our decision in *Robles-Garcia*. There, we noted the possibility that 8 U.S.C. § 1252(d)'s exhaustion requirement might be amenable to a futility exception, but nevertheless held the petitioner was required to ask the BIA to overturn *In re Bermudez-Cota* to supply this court with jurisdiction. *See Robles-Garcia*, 944 F.3d at 1284 & n.3.[2] For these reasons, we lack

---

[2] Our decision in *Robles-Garcia* also answers Mr. Nava-Hernandez's argument that we have jurisdiction to consider his position for the first time on appeal because it

5

jurisdiction to consider Mr. Nava-Hernandez's argument that the NTA in his case was defective.[3]

We also lack jurisdiction to consider Mr. Nava-Hernandez's second argument; namely, that the BIA erred in its evaluation of exceptional and extremely unusual hardship. "If the BIA decides, in an exercise of agency discretion, an alien has not produced sufficient evidence to warrant a finding of exceptional and extremely unusual hardship, we cannot review that decision." *Alzainati v. Holder*, 568 F.3d 844, 850 (10th Cir. 2009); *see also Arambula-Medina*, 572 F.3d at 828.

In his attempt to overcome this straightforward application of our precedents, Mr. Nava-Hernandez invokes *Prapavat v. INS*, 662 F.2d 561 (9th Cir. 1981), a case in which the Ninth Circuit held that the BIA abused its discretion in its hardship analysis. *Id.* at 563. We need not engage in a detailed examination of the facts in *Prapavat*, because that opinion predates Congress's decision to bar judicial review of discretionary § 1229b decisions. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, sec. 306(a), 110 Stat. 3009–546, 3009–607. Because Mr. Nava-Hernandez's disagreements with the BIA's decision on whether he has shown

---

implicates the BIA's jurisdiction. The petitioner in *Robles-Garcia* tried to advance the same date/time position as Mr. Nava-Hernandez, and we required the petitioner to comply with the normal rules of exhaustion.

[3] Were we to reach the merits, recent circuit precedent would require that we reject Mr. Nava-Hernandez's argument. *See Lopez-Munoz v. Barr*, 941 F.3d 1013, 1018 (10th Cir. 2019).

an exceptional and extremely unusual hardship are expressly covered by 8 U.S.C.

§ 1252(a)(2)(B), we do not have jurisdiction to review that ruling.

## III.  CONCLUSION

For the foregoing reasons, Mr. Nava-Hernandez's petition for review is

**DISMISSED** for lack of jurisdiction.

Entered for the Court


Carolyn B. McHugh
Circuit Judge