**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VICKY YULISSA CHAVEZ-FINO;
JANE DOE, a minor child,

     Petitioners,

v.

WILLIAM P. BARR, United States
Attorney General,

     Respondent.

No. 18-9540
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Petitioners petition for review of an order of the Board of Immigration

Appeals (BIA) denying their motion to reopen their removal proceeding. We deny

the petition for review in part and dismiss in part for lack of jurisdiction.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Petitioners are natives and citizens of Honduras. Petitioner Jane Doe is the minor daughter of petitioner Vicky Yulissa Chavez-Fino. Petitioners entered the United States without inspection on or about June 13, 2014. On June 15, 2014, they were each served with a Notice to Appear (NTA) alleging they were inadmissible as aliens present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). They were later issued a Notice of Hearing ordering them to appear at a hearing before an immigration judge (IJ) on August 7, 2014. They appeared at the IJ hearing and were granted a continuance to obtain counsel.

Petitioners were thereafter represented in immigration proceedings by a series of attorneys, several of whom they would subsequently allege provided them with constitutionally deficient representation.[1] During the proceedings they admitted the allegations in their NTAs, conceded their removability, and filed a timely application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[2]

The IJ held a hearing on their application at which Ms. Chavez-Fino testified. He denied the application. The IJ found that although she testified credibly, she failed to establish that she had a well-founded fear of persecution on account of any

---

[1]  Jane Doe was a "rider" on her mother's application. We address, *infra*, her separate claim alleging ineffective assistance in counsel's failure to file a separate asylum application on her behalf.

[2]  Petitioners do not pursue their CAT claim on appeal. *See* Pet'rs' Opening Br. at 10 n.2.

protected ground, including her membership in a particular social group.  In addition, she failed to show that her former attorney, who prepared her asylum application, had provided ineffective assistance of counsel.  The IJ also explained his reasons for denying her motion for a continuance of the hearing.

Petitioners appealed to the BIA.  They argued that (1) their prior counsel had represented them ineffectively; (2) the IJ had erred in failing to grant them relief; and (3) the IJ had violated their due process rights.  The BIA dismissed their appeal.  It reasoned that the IJ did not err in failing to grant them a continuance, there was no evidence to support their claim that the IJ created a hostile environment in the immigration proceedings, and petitioners had failed to show their entitlement to a remand for further proceedings on their ineffective assistance of counsel claim.

Petitioners filed a motion to reconsider.  They argued that the BIA had misstated the record and that it erred in finding they failed to identify prejudice resulting from their attorneys' allegedly ineffective representation.  The BIA denied their motion.

Petitioners then filed the motion to reopen that is at issue in this appeal.  They argued they had adequately shown deficient assistance of counsel that had prejudiced them and denied them a fundamentally fair proceeding; and the proceedings should be reopened to permit them to pursue their asylum, withholding, and CAT claims. Their motion included a substantially supplemented asylum application.

The BIA denied the motion on several grounds.  It first noted it was unclear whether petitioners had complied with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA),

*review denied*, 857 F.2d 10 (1st Cir. 1988), by filing complaints against their prior counsel with the applicable state bars. But even if compliance with *Matter of Lozada* was assumed, petitioners had not demonstrated prejudice because (1) Ms. Chavez-Fino failed to explain the inconsistencies between her original statement in support of asylum and her new statement submitted with the motion to reopen; and (2) petitioners had not shown that their new particular social groups (Honduran children without parental protection, or Honduran women who are viewed as property in domestic relationships) were socially distinct in light of the evidence submitted, or that they would be harmed on account of their membership in such a particular social group. The BIA further reasoned that petitioners' case was distinguishable from *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014), *overruled by Matter of A-B-*, 27 I. & N. Dec. 316 (Att'y Gen. 2018), because Ms. Chavez-Fino and her boyfriend did not live together or establish a domestic relationship and she was able to leave her boyfriend, to live independently, and support herself. It also determined that Ms. Chavez-Fino had the ability to relocate within Honduras. Finally, the BIA found no merit to petitioners' argument that counsel had provided ineffective assistance by failing to file a separate asylum application on behalf of Jane Doe, because they had failed to present a viable basis for an independent asylum claim for her.

Petitioners challenge much of the BIA's reasoning, raising a total of ten issues for our consideration. But the BIA's last two findings are dispositive of their claims. Petitioners have failed to effectively challenge the BIA's finding that they can

4

relocate within Honduras to escape persecution, and have failed to show that Jane Doe has a viable independent asylum claim.

### 1. Standard of Review

A motion to reopen must "state . . . new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); *see also Maatougui v. Holder*, 738 F.3d 1230, 1239-40 (10th Cir. 2013).

> We review the BIA's decision on a motion to reopen only for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements. The BIA does not abuse its discretion when its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law, even when the BIA's decision is succinct.

*Maatougui*, 738 F.3d at 1239 (citation, alterations, and internal quotation marks omitted).

### 2. Relocation

"To be eligible for asylum, an alien must establish by the preponderance of the evidence that he or she is a refugee." *Rivera-Barrientos v. Holder*, 666 F.3d 641, 645 (10th Cir. 2012). A "refugee" is an alien who is unable or unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An applicant may establish refugee status using three different methods: (1) by showing "a well-founded fear of future

5

persecution"; (2) by "a showing of past persecution, which gives rise to a rebuttable presumption of a well-founded fear of future persecution"; or (3) "through a showing of past persecution so severe as to provide a compelling argument against removal, even though there is no danger of future persecution on the basis of a protected ground." *Rivera-Barrientos*, 666 F.3d at 646.

The BIA's finding that petitioners can relocate within Honduras to escape persecution, if supported by substantial evidence, prevents petitioners from establishing refugee status under either method (1) or (2). This is because "[f]ear of persecution is not well-founded if the applicant can avoid persecution by relocating to another part of the country and it would be reasonable to expect her to do so." *Ritonga v. Holder*, 633 F.3d 971, 976-77 (10th Cir. 2011); *see also* 8 C.F.R. § 1208.13(b)(1)(B), (b)(2)(ii). A similar rule applies to the "threat" requirement associated with their withholding-of-removal claim. *See Niang v. Gonzales*, 422 F.3d 1187, 1195-96 (10th Cir. 2005); 8 C.F.R. § 1208.16(b)(1)(B), (b)(2).[3]

The BIA explained its reasoning on the relocation issue as follows:

> The lead respondent [Ms. Chavez-Fino] had the ability to relocate within Honduras. 8 C.F.R. §§ 1208.13(b)(1) and (b)(2)(ii). The lead respondent indicated that she did not explore relocation because she wanted to be with her mother and siblings in the United States. The lead respondent stated that she grew up with what she needed, that she was well-

---

[3] Petitioners argue "the BIA's decision on internal relocation was not dispositive." Pet'rs' Reply Br. at 26. They contend the BIA's decision is ambiguous; the BIA did not say its relocation finding was "dispositive"; and the BIA reached other issues in its decision. *See id.* But none of these arguments counters the basic fact that if petitioners can relocate in Honduras to escape persecution—and the BIA determined that they can—they cannot establish a basic component of their asylum and withholding claims.

educated in private schools, is smart and skilled so it would be reasonable for her to relocate and support herself. One of the respondent's experts generally opines that abused women in Honduras, including professionals, are not able to relocate. However, this expert did not examine the facts of this case, or provide her opinion of relocation in light of the lead respondent's education, skills, intelligence, and her ability to live independently and support herself, as well as her boyfriend's level of pursuit or the police's ability to protect her.

R., Vol. 1 at 4 (record citations omitted).

Petitioners have failed to address this analysis in their appellate briefing. They have therefore waived any challenge to these findings. *See Krastev v. INS*, 292 F.3d 1268, 1280 (10th Cir. 2002) ("Issues not raised on appeal are deemed to be waived."). They argue instead that they can show they are refugees by using the third method of proof. *See* Pet'rs' Opening Br. at 45-46. That is, they claim they have suffered persecution so severe that they are entitled to "humanitarian" asylum, which is not affected by their ability to relocate to a safer part of the country. *See, e.g.*, *Krastev*, 292 F.3d at 1271 (explaining that applicant may establish eligibility for a "humanitarian" grant of asylum, "even when no future danger of persecution exists" (internal quotation marks omitted)); 8 C.F.R. § 208.13(b)(iii).

The government argues petitioners have waived their humanitarian asylum argument by failing to raise it to the BIA in their motion to reopen. Petitioners respond that they did raise this argument to the BIA. *See* Pet'rs' Reply Br. at 27. But in support of that assertion they cite only an argument they made on *direct appeal* to the BIA. *See* R., Vol. 1 at 275-76. And they have not sought judicial review of the BIA's dismissal of their direct appeal. Only their petition seeking

7

review of the denial of their motion to reopen is before us. *See Stone v. INS*, 514 U.S. 386, 405 (1995) (explaining that Congress "envisioned two separate petitions filed to review two separate final orders"); *cf. Gaksakuman v. U.S. Att'y Gen.*, 767 F.3d 1164, 1168-69 (11th Cir. 2014) (stating appeals court lacked jurisdiction to review arguments concerning original, unappealed BIA order in alien's petition for review of order on motion to reopen, because alien "did not renew his original arguments in his motion to reopen").

In sum, petitioners fail to show they argued to the BIA that it should reopen proceedings to address a claim for humanitarian asylum. Nor did the BIA address that issue in its order denying reopening. Petitioners' omission is fatal to judicial review of their claim in this proceeding. *See Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991) ("Judicial review does not extend to points the alien could have made before the Board but did not.").

### 3. Jane Doe's Independent Asylum Claim

Petitioners also argue that their previous counsel was ineffective in failing to file a separate asylum application for Jane Doe. Even assuming counsel could have filed an application that avoided the relocation problem, petitioners fail to show the BIA abused its discretion in refusing to reopen based on this claim. The BIA concluded petitioners had not presented a viable basis for an independent asylum claim for Jane Doe. Petitioners argue that a child may have a separate basis for seeking asylum because children experience and fear persecution differently from adults. *See* Pet'rs' Opening Br. at 49-51. But they fail to apply this principle to Jane

8

Doe in a way that shows the BIA's conclusion in her case represented an abuse of discretion.

### 4. *Pereira* **Claims**

While their petition for review was pending before this court, the Supreme Court decided *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), in which it ruled that an NTA that failed to state the time and place of removal proceedings was ineffective to trigger a statutory stop-time rule. *See Pereira*, 138 S. Ct. at 2109-10. Relying on that decision, petitioners argue for the first time to this court that (1) because the NTA with which DHS served them was defective—it failed to include a date and time for their removal hearing—the IJ never acquired jurisdiction over these removal proceedings; and (2) the defective NTA did not stop the running of the period of their physical presence in the United States for purpose of their eligibility for post-conclusion voluntary departure, *see* 8 U.S.C. § 1229c(b)(1)(A). Because petitioners never presented those arguments to the BIA, they are administratively unexhausted and we lack jurisdiction to consider these questions in the first instance. *See* 8 U.S.C. § 1252(d)(1); *see also Robles-Garcia v. Barr*, 944 F.3d 1280, 1283-84 (10th Cir. 2019).

## CONCLUSION

The abatement of this appeal in our order of April 4, 2019, is lifted.  The petition for review is denied, except for the claims based on *Pereira*, which are unexhausted and are therefore dismissed for lack of appellate jurisdiction.

Entered for the Court

Timothy M. Tymkovich
Chief Judge