FILED
United States Court of Appeals
Tenth Circuit

June 16, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOSE ALEJANDRO VALERIO-LOPEZ,
a/k/a Pedro Torres-Gamez,

      Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,*

      Respondent.

No. 20-9588
(Petition for Review)

_____

**ORDER AND JUDGMENT**\*\*
_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Petitioner Jose Alejandro Valerio-Lopez filed an application for cancellation

of removal under 8 U.S.C. § 1229b(b), which an immigration judge (IJ) denied after

a hearing. The Board of Immigration Appeals (BIA) affirmed on appeal.

---

    * On March 11, 2021, Merrick B. Garland became Attorney General of the
United States. Consequently, his name has been substituted for William P. Barr as
Respondent, per Fed. R. App. P. 43(c)(2).

    \*\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Valerio-Lopez then filed a petition for review. We dismiss the petition in part for lack of jurisdiction, and affirm in part the BIA's decision denying Valerio-Lopez's application.

## I. Background

Valerio-Lopez is a native of Mexico who last entered the United States without inspection in 2004. In April 2010, the Department of Homeland Security issued Valerio-Lopez a Notice to Appear in removal proceedings, charging him with being subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i).

Valerio-Lopez appeared in immigration court in January 2011 and conceded removability. He indicated his intent to apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Later that year Valerio-Lopez submitted that application, arguing that his removal would result in hardship to his four U.S.-born children. *See id.* § 1229b(b)(1)(D).

The IJ held a hearing in June 2018. By that time, Valerio-Lopez's two older children had reached the age of 21 and therefore were not considered qualifying relatives under § 1229b(b)(1)(D). Valerio-Lopez testified, however, that if he were removed to Mexico, his two younger daughters, E.V.M. and A.V.M., would suffer the requisite "exceptional and extremely unusual hardship" under § 1229b(b)(1)(D). He testified that E.V.M., who was born in 2007, had received several months of counseling for anxiety in 2010 when Valerio-Lopez was temporarily placed in immigration detention. Valerio-Lopez submitted a corroborating letter from the licensed professional counselor who treated E.V.M. Valerio-Lopez acknowledged,

2

however, that E.V.M. no longer requires any treatment or medication. He also testified that his youngest daughter, A.V.M., has asthma that was severe at one time but is now controlled with an inhaler. Finally, Valerio-Lopez testified that if he were removed to Mexico his minor daughters would suffer financial hardship because he is the sole financial provider for his family and his wife Erica, who plans to stay in the United States with E.V.M and A.V.M in the event of her husband's removal, would be forced to find employment.

The IJ accepted as credible Valerio-Lopez's testimony and other evidence. The IJ also concluded Valerio-Lopez had satisfied three of the four elements of § 1229b(b)(1)—namely, he had been physically present in the United States for a continuous period of 10 years prior to the filing of his application; he had been a person of good moral character during that time; and he had not been convicted of any disqualifying criminal offenses. *See id.* § 1229b(b)(1)(A)-(C).

As to the fourth element, however, the IJ concluded removal would not result in the requisite level of hardship. *See id.* § 1229b(b)(1)(D). The IJ noted that while E.V.M. had been diagnosed with anxiety, she had since recovered. She further observed that A.V.M.'s asthma was adequately managed with an inhaler. Finally, the IJ found that while E.V.M. and A.V.M. would face some emotional and financial hardship if their father were removed to Mexico, that hardship, even taken in the aggregate, would not meet the "exceptional and extremely unusual" standard. On appeal, the BIA adopted the IJ's reasoning and affirmed in a two-page opinion. This petition followed.

3

## II. Discussion

Valerio-Lopez makes four arguments. First, he contends the BIA failed to consider the hardship his removal would cause his two oldest children when the delay in hearing his application caused those children to "age out." Second, he argues he received ineffective assistance of counsel. Third, he argues that in its hardship analysis, the BIA committed legal error in relying upon *In re J-J-G-*, 27 I. & N. Dec. 808 (BIA 2020). Finally, Valerio-Lopez argues the BIA committed legal error by mischaracterizing or ignoring relevant hardship evidence. We dismiss his first two arguments for failure to exhaust, and we reject his other two arguments on the merits.

### A. Failure to Exhaust

Valerio-Lopez did not raise before the agency his argument concerning the delay in having his application heard and the resulting inability to consider hardship to his two older children. We may review only those arguments for which a petitioner has exhausted all administrative remedies. 8 U.S.C. § 1252(d)(1). Thus, "the failure to raise an issue on appeal to the BIA constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter." *Robles-Garcia v. Barr*, 944 F.3d 1280, 1283 (10th Cir. 2019) (alterations, italics, and internal quotation marks omitted). Because Valerio-Lopez did not present this argument to the IJ or the BIA, we lack jurisdiction to review it in the first instance.

Similarly, Valerio-Lopez did not raise his ineffective assistance of counsel argument before the BIA. "The BIA permits an alien to move to reopen the administrative proceedings when his counsel's incompetence has prevented him from

4

reasonably presenting his case." *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (internal quotation marks omitted). "[B]ecause the BIA provides a mechanism for hearing an ineffective assistance claim, an alien's failure to raise the claim to the BIA deprives this court of jurisdiction to review it." *Id.* We therefore lack jurisdiction over Valerio-Lopez's ineffective assistance argument.

## B. Cancellation of Removal

Our jurisdiction over the remaining two arguments is limited. The Immigration and Nationality Act provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). This provision precludes jurisdiction to review the discretionary aspects of a decision concerning cancellation of removal under § 1229b(b)(1). *Galeano-Romero v. Barr*, 968 F.3d 1176, 1181 (10th Cir. 2020). "Such discretionary aspects include any underlying factual determinations as well as the determination of whether . . . removal . . . would result in exceptional and extremely unusual hardship to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D)." *Id.* (internal quotation marks omitted).

The INA does, however, provide jurisdiction to review "constitutional claims" and "questions of law"—including those arising under § 1229b(b)(1). *See* § 1252(a)(2)(D). Valerio-Lopez attempts to raise two questions of law, both of which we reject.

First, Valerio-Lopez observes that in rejecting his application, the BIA cited to *In re J-J-G-*, 27 I. & N. Dec. 808, which he contends impermissibly redefines

5

hardship beyond what § 1229b(b)(1)(D) requires.  We disagree.  *In re J-J-G-* held that to the extent a cancellation application is based on the health of a qualifying relative, the applicant must present "persuasive and sufficiently specific testimony regarding the seriousness of a qualifying relative's medical condition . . . ." 27 I. & N. Dec. at 811-12.  Thus, *In re J-J-G-* does not redefine the hardship standard, but simply specifies the type of evidence required to meet it.  The BIA cited *In re J-J-G-* in support of its observation that the agency's analysis must be based on a "consider[ation of] the hardship factors in the aggregate."  R. at 4; *see In re J-J-G-*, 27 I. & N. Dec. at 811 (observing that the hardship standard "is based on a cumulative consideration of all hardship factors").  We discern no error in the BIA's reliance on *In re J-J-G-*.

Second, Valerio-Lopez asserts the BIA committed legal error by mischaracterizing and ignoring hardship evidence.  This argument, however, amounts to a disagreement with how the BIA weighed the hardship factors in light of E.V.M.'s and A.V.M.'s medical conditions.  We lack jurisdiction over such determinations.  *See, e.g., Galeano-Romero*, 968 F.3d at 1182 n.8 (holding argument that BIA "improperly discount[ed] the hardship his wife would suffer upon [petitioner's] removal . . . boils down to a contention that the [BIA] improperly weighed the" evidence).  Even if Valerio-Lopez's arguments could be characterized as questions of law, they are meritless.  He contends the BIA erred in stating A.V.M.'s asthma was under control, but he himself testified that her asthma is controlled with an inhaler and that "[s]he's not really using it" anymore.  R. at 185.

6

Similarly, he argues the BIA mischaracterized E.V.M.'s anxiety as having been resolved, but the BIA actually found that while Valerio-Lopez's "removal may have some impact on [E.V.M.'s] life and development," the "record show[ed] that with therapy, [E.V.M.] learned to successfully cope with her anxiety even when her father was not present." R. at 4.

In short, we hold the BIA committed no legal error in denying the application for cancellation, and therefore affirm the BIA's decision.

## III. Conclusion

We dismiss in part Valerio-Lopez's petition for failure to exhaust his arguments concerning hardship to his now-adult children and ineffective assistance of counsel. As to his exhausted arguments, we affirm the BIA's denial of the application for cancellation.

Entered for the Court

Nancy L. Moritz
Circuit Judge