**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**July 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

PEDRO AYALA-MONROY,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 20-9626
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Pedro Ayala-Monroy, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("Board" or "BIA") decision upholding the denial

of his applications for cancellation of removal and withholding of removal.[1]

Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Ayala-Monroy does not challenge the Board's determinations that (1) it could not consider arguments related to asylum because "he did not request asylum before the Immigration Judge, and he has not argued that remand is appropriate to

## I. **BACKGROUND**

Mr. Ayala-Monroy last entered the United States in 2002. In 2010, he and a Ukrainian citizen had a son, married, and later divorced. In 2018, he married a U.S. citizen, who has two children. The three aforementioned children are U.S. citizens.

The government charged Mr. Ayala-Monroy with being present in the United States without inspection, admission, or parole. He applied for cancellation of removal and withholding of removal. The immigration judge ("IJ") denied cancellation of removal because Mr. Ayala-Monroy had not demonstrated "exceptional and extremely unusual hardship" to any qualifying relatives, as required by 8 U.S.C. § 1229b(b)(1)(D). And the IJ denied withholding of removal because Mr. Ayala-Monroy had not established "membership in a particular social group," as required by 8 U.S.C. § 1231(b)(3)(A). The IJ held that Mr. Ayala-Monroy's proposed social group, returning parents of U.S.-citizen children, was not sufficiently particular or distinct to be cognizable.

Mr. Ayala-Monroy appealed to the Board. He requested that it take administrative notice of the State Department's 2017 Human Rights Report on

---

allow him to pursue this form of relief," Admin. R. Vol. 1 at 3 n.1 (citation omitted), and (2) he waived any issues regarding the immigration judge's denial of relief under the Convention Against Torture by failing to challenge that decision on appeal. We therefore need not consider these issues. *See Addo v. Barr*, 982 F.3d 1263, 1266 n.2 (10th Cir. 2020) (holding that failure to present an argument on an issue results in waiver).

Mexico and travel advisories regarding conditions in Mexico. He also argued that Ninth Circuit precedent supported recognition of his proposed social group.

The Board declined to take administrative notice of the State Department publications, stating that it was Mr. Ayala-Monroy's burden to support his application before the IJ. And it declined to consider the Ninth Circuit precedent because this case arose from a state within the Tenth Circuit. The Board agreed with the IJ that Mr. Ayala-Monroy had not shown that his qualifying relatives would experience exceptional and extremely unusual hardship or that he was a member of a cognizable particular social group. It therefore dismissed the appeal.

Mr. Ayala-Monroy petitioned for review.

## II. **DISCUSSION**

Mr. Ayala-Monroy raises two issues, both asserting that the Board committed due process violations.[2] "In reviewing the Board's decision, we engage in de novo review of constitutional and other legal questions." *Mena-Flores v. Holder*, 776 F.3d 1152, 1162 (10th Cir. 2015).

### A. *Cancellation of Removal*

Under 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review the discretionary aspects of a denial of cancellation of removal, including a

---

[2] Mr. Ayala-Monroy concedes that this circuit's precedent forecloses his jurisdictional argument based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *See Martinez-Perez v. Barr*, 947 F.3d 1273, 1278 (10th Cir. 2020); *Lopez-Munoz v. Barr*, 941 F.3d 1013, 1017 (10th Cir. 2019).

determination that a petitioner failed to show exceptional and extremely unusual hardship. *See Galeano-Romero v. Barr*, 968 F.3d 1176, 1181 (10th Cir. 2020). Under § 1252(a)(2)(D), however, we retain jurisdiction to review constitutional claims and questions of law. *Id.* at 1182. Thus, rather than challenge the hardship determination, Mr. Ayala-Monroy asserts that the Board, in declining to take administrative notice of the State Department publications, denied him procedural due process—"the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 1185 (quotations omitted). "[A]n allegation of wholesale failure to consider evidence implicates due process." *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009) (quotations omitted).

The Board "may take administrative notice of facts that are not reasonably subject to dispute," including "[t]he contents of official documents outside the record" and "[f]acts that can be accurately and readily determined from official government sources and whose accuracy is not disputed." 8 C.F.R. § 1003.1(d)(3)(iv)(A)(2), (3). But the Board is not required to do so. *See id.* § 1003.1(d)(3)(iv)(A) (using the permissive term "may"); *see also Meriyu v. Barr*, 950 F.3d 503, 507 (7th Cir. 2020) ("Even though the Board may take administrative notice of the country reports not considered by the IJ, no regulation or court decision requires the Board to do so.").

Here, the Board did not wholly refuse to consider evidence. Rather, it denied a request to take notice of additional evidence that Mr. Ayala-Monroy had not presented to the IJ. Notably, in asking the Board to take administrative notice,

4

Mr. Ayala-Monroy did not give any reason why he could not have presented his evidence earlier. The Board declined to take notice of the new evidence because Mr. Ayala-Monroy had failed to carry his "burden of establishing his eligibility for cancellation of removal," which "includes submitting evidence regarding conditions in the country to which he and his qualifying relatives will return." Admin. R. Vol. 1 at 3. In these circumstances, this decision was not error, much less a due process violation. *See* 8 U.S.C. § 1229a(c)(4)(A)(i) (placing the burden on the noncitizen to prove eligibility for relief from removal); *id.* § 1229a(c)(4)(B) (requiring the noncitizen to "comply with the applicable requirements to submit information or documentation in support of the . . . application for relief or protection"); *see also Robles-Garcia v. Barr*, 944 F.3d 1280, 1284 (10th Cir. 2019) (recognizing it is the noncitizen's burden to establish eligibility for cancellation of removal).

Moreover, "[t]o prevail on a due process claim, an alien must establish not only error, but prejudice." *Alzainati*, 568 F.3d at 851. Mr. Ayala-Monroy merely asserts that "[t]he BIA's refusal to have considered evidence consisting of the State Department Report on Human Rights in Mexico and travel advisories . . . results in prejudicial denial of due process warranting remand to the BIA." Pet'r's Opening Br. at 6. This conclusory and undeveloped assertion is insufficient to preserve the argument for review. Issues "presented only in a perfunctory manner" in an opening brief are waived. *Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) (bracket and quotations omitted); *see also Moore v. Gibson*, 195 F.3d 1152, 1180 n.17 (10th Cir. 1999) ("We do not consider unsupported and undeveloped issues.").

5

## B. *Withholding of Removal*

On withholding of removal, Mr. Ayala-Monroy argues that the Board denied him due process in declining to consider Ninth Circuit precedent regarding whether his proposed social group was cognizable.

Although Mr. Ayala-Monroy asserts that "[t]he BIA is not free to ignore arguments raised by petitioner in their entirety," and "due process requires a minimum degree of clarity in the treatment of properly raised argument," Pet'r's Opening Br. at 7 (alterations omitted), the Board did not ignore his argument. It properly held that Ninth Circuit authority was not controlling because this case arises from a state within the Tenth Circuit. *See Garcia ex rel. Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987) ("[T]he decisions of one circuit court of appeals are not binding upon another circuit."); *In re Fede*, 20 I. & N. Dec. 35, 37 (B.I.A. 1989) (recognizing the same rule in the immigration context). The Board went on to consider whether the proposed social group was cognizable under Tenth Circuit law. Mr. Ayala-Monroy does not challenge that analysis, so we need not consider it. *See Addo v. Barr*, 982 F.3d 1263, 1266 n.2 (10th Cir. 2020) (holding that failure to present an argument on an issue results in waiver).

In addition, Mr. Ayala-Monroy again has failed to establish prejudice. He simply states that the Board's decision not to consider the Ninth Circuit decisions, even for possible persuasive value, was "prejudicial warranting remand." Pet'r's Opening Br. at 7. This conclusory and undeveloped statement fails to preserve the argument for review. *See Sawyers*, 962 F.3d at 1286; *Moore*, 195 F.3d at 1180 n.17.

## III.  **CONCLUSION**

We deny the petition for review.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge